**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2159-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JAMES EARL JONES,

    Defendant-Appellant.

_____

Submitted January 27, 2021 – Decided March 11, 2021

Before Judges Alvarez and Sumners.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 91-05-1163.

James Earl Jones, appellant pro se.

Jill S. Mayer, Acting Camden County Prosecutor, attorney for respondent (Kevin J. Hein, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant James Earl Jones appeals the Law Division order denying his Rule 3:21-10(b) motion to correct an illegal sentence. We affirm substantially for the reasons set forth in the trial judge's concise letter decision.

On March 25, 1993, a jury found defendant guilty of the first-degree murder of Hope Stauffer, N.J.S.A. 2C:11-3(a)(1); first-degree felony murder, N.J.S.A. 2C:11-3(a)(3); first-degree kidnapping of Hope Stauffer, N.J.S.A. 2C:13-1(b)(1) and (2); second-degree kidnapping of Stauffer's son, N.J.S.A. 2C:13-1(b)(1) and -1(b)(2); conspiracy to commit first-degree robbery, N.J.S.A. 2C:5-2; first-degree robbery, N.J.S.A. 2C:15-1; second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(a); and first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(3). (Da 11-13). Defendant was sentenced to an aggregate life prison term plus sixty years subject to a sixty-year period of parole ineligibility.[1] His conviction and sentences were affirmed on direct appeal, State

---

[1] Specifically, defendant was sentenced to consecutive prison terms of: life with a thirty-year parole disqualifier for first-degree murder; thirty years with a fifteen-year parole disqualifier for first-degree kidnapping; ten years with a five-year parole disqualifier for second-degree kidnapping; and twenty years with a ten-year parole disqualifier for aggravated sexual assault. As for the remaining counts, the judge imposed the following concurrent prison terms: twenty years with a ten-year parole disqualifier for robbery and five years with a two-an-a-half year parole disqualifier for unlawful possession of a weapon. State v. Jones, 308 N.J. Super. 174, 178 (App. Div. 1998).

v. Jones, 308 N.J. Super. 174, 193 (App. Div. 1998), and our Supreme Court denied defendant's petition for certification, 156 N.J. 380 (1998).

For purposes of this opinion, we need not discuss defendant's heinous crimes which are fully detailed in our reported decision. Jones, 308 N.J. Super. at 180-83. Our focus is solely on the legal issue raised in defendant's single point of contention that:

> THE TRIAL COURT ERRED IN [ITS] DECISION NOT TO VACATE AND RESENTENCE [DEFENDANT] WHERE HE WAS NOT ONLY INDICTED BY A GRAND JURY BUT FOUND GUILTY AND SENTENCED ON AN OFFENSE WHICH [DEFENDANT] SHOULD NOT HAVE HAD TO DEFEND DURING TRIAL IN VIOLATION OF HIS RIGHT TO DUE PROCESS OF LAW UNDER BOTH NEW JERSEY AND THE UNITED STATES CONSTITUTIONAL PROVISIONS.

There is no merit to this contention.

Defendant asserts that his twenty-year prison sentence with a ten-year parole disqualifier for the aggravated sexual assault sentence was illegal because the offense must be against a third person and not the victim of sexual penetration who was killed. However, as the State responds, this court pointed out in his direct appeal "defendant concedes that a knowing sexual penetration of another in the course of a homicide suffices to establish the offense." Id. at

186. It is therefore beyond reason for defendant to make a contrary argument in his motion to declare his aggravated sexual assault sentence was illegal.

The aggravated sexual assault statute undermines defendant's current position. N.J.S.A. 2C:14-2(a)(3) defines aggravated sexual assault as "an act of sexual penetration with another person . . . committed during the commission . . . of . . . [a] homicide." The judge's letter decision thus stated that aggravated sexual assault "does not require that the homicide victim be a different person than the victim of the act of sexual penetration." Because the jury found that defendant sexually penetrated the victim, which this court affirmed in his direct appeal, the judge correctly reasoned that the sentence imposed for aggravated sexual assault was legal.

We, moreover, agree with the State that defendant's reliance on State v Rangel, 213 N.J. 500 (2013), is misplaced. There, our Supreme Court held the defendant was correct that a person cannot be convicted of aggravated sexual assault under N.J.S.A. 2C:14-2(a)(3) if the predicate offense is aggravated assault and the victim is the same person. Id. at 512-13. However, the predicate offense here is not aggravated assault, as in Rangel, but homicide. Since defendant was found guilty of the predicate offence of homicide, he was properly sentenced to aggravated sexual assault.

There is no reason to disturb the order denying defendant's motion to correct an illegal sentence.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2159-19